United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARONTA T. LEWIS,

Plaintiff,

v.

CONTRA COSTA COUNTY, et al.,

Defendants.

Case No. 20-cv-06112-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**

**ORDER ADDRESSING PENDING MOTION**

## INTRODUCTION

Plaintiff Daronta T. Lewis raises a series of unrelated claims in his 54-page complaint against his former jailors at West County Detention Center in Richmond, California.[1] This is improper. Fed. R. Civ. P. 20(a)(2). His complaint is DISMISSED with leave to file an amended complaint on or before **February 26, 2021**. In the amended complaint, Lewis must decide which of his claims to pursue, as discussed below.

The amended complaint should be no longer than 10 pages in total. Failure to file a proper amended complaint by February 26, 2021, or failure to comply with all the instructions given in this order, may result in the dismissal of this suit and the entry of judgment in favor of defendants.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

[1] Lewis is currently housed at the California Health Care Facility in Stockton, California.

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claims**

Lewis alleges many unrelated claims against his former jailors at West County Detention Center in Richmond, California. They are: (i) unclean and unsafe cells, claims he wishes to bring as a class action; (ii) excessive force; (iii) denial of court access; (iv) violations of the Americans With Disabilities Act; (v) due process and equal protection violations; and (v) medical care claims.

Lewis may not bring unrelated claims in one suit. Federal pleading rules require that claims be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). In his amended complaint, he must decide which claim he wishes to pursue,

United States District Court
Northern District of California

such as excessive force or denial of court access or denial of appropriate housing, for example. He may then allege facts that give rise to that claim and any other claim that is closely related to the facts involved, as required by Federal Rule of Civil Procedure 20(a)(2).

Furthermore, his claims cannot proceed as a class action because pro se prisoner-plaintiffs cannot bring such suits. A layperson cannot adequately represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is imprisoned and proceeding pro se. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). A plaintiff's privilege to appear in propria persona is a "privilege . . . personal to him. He has no authority to appear as an attorney for others." *McShane*, 366 F.2d at 288, citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Accordingly, Lewis can proceed pro se here only on claims that his individual rights were violated. Permission to proceed as a class action is DENIED.

**MOTIONS**

Lewis has filed a motion asking the Court to prevent the West County Detention Facility (WCDF) from tampering with his mail. (Dkt. No. 6.) This motion is DENIED as moot because he is no longer housed at WCDF.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **February 26, 2021**. The amended complaint must include the caption and civil case number used in this order (20-06112 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The amended complaint must also appear on this Court's form. Because an amended complaint completely replaces the previous complaints, Lewis must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference.

Furthermore, the amended complaint should be no longer than 10 pages in total.

Lewis need not file any exhibits or declarations with the new complaint, having submitted many pages of exhibits and declarations with the prior complaint. If he states cognizable claims in the amended complaint, he will be allowed to file additional pages of material if necessary. Failure to file an amended complaint in accordance with all these instructions may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:** January 5, 2021



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California